**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WALTER J. KURKA,

Plaintiff-Appellant,

v.

JOHN PROBST; BEN JAFFA,

Defendants-Appellees.

No. 15-35121

D.C. No. 3:13-cv-00034-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Walter J. Kurka appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging federal and state law claims relating to misdemeanor

criminal charges against him in Alaska state court.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Galen v. County of Los Angeles*, 477 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

652, 658 (9th Cir. 2007) (qualified immunity); *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001) (failure to state a claim under Fed. R. Civ. P. 12(b)(6) and prosecutorial immunity). We affirm.

The district court properly granted summary judgment for defendant Probst, an Alaska state trooper, on the basis of qualified immunity because Kurka failed to raise a genuine dispute of material fact as to whether Probst's investigation of Kurka violated Kurka's constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (citation and internal quotation marks omitted)).

The district court properly dismissed Kurka's claims against defendant Jaffa on the basis of prosecutorial immunity because Jaffa's actions were performed in his role as a state prosecutor. *See Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) ("A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in pursuing a criminal prosecution insofar as he acts within his role as an advocate for the State and his actions are intimately associated with the judicial phase of the criminal process." (citation and internal quotation

15-35121

marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**